JANET M. HEROLD
Regional Solicitor
ANDREW J. SCHULTZ (CSBN 237231)
Counsel for Wage and Hour
HAILEY McALLISTER (WSBN 49975)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone:  (415) 625-2702
Mcallister.hailey@dol.gov
*Attorneys for Plaintiff Eugene Scalia,*
*United States Secretary of Labor*

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, U.S. Department of Labor,<br><br>                              Plaintiff,<br>         v.<br><br>WONJIN CORPORATION, d/b/a SURA HAWAII I, a corporation; AINA RESTAURANT, INC., d/b/a SURA HAWAII II, a corporation; GIMOG RESTAURANT, INC., d/b/a/ THANK Q POCHA, a corporation; SUJIN TOMITA, an individual;<br><br>                              Defendants. | Case No.<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT |

## INTRODUCTION

The Fair Labor Standards Act ("FLSA") requires employers to pay employees a minimum of $7.25 per hour and an overtime premium of one and one half times the employee's regular rate for all hours over forty in a workweek. Defendants have failed to meet these baseline requirements. Defendants, in operating three restaurant establishments, paid servers and kitchen staff fixed salaries that fell below the federal minimum wage and the required half-time premium for hours worked in excess of 40 in a workweek. Further, Defendants did not keep records of all hours worked, obscuring minimum wage and overtime violations from its employees. Through their actions, Defendants have harmed not only their own employees, but also law-abiding employers who face unfair competition in the marketplace due to Defendants' illegal practices. The Secretary brings this case to recover the wages owed to Defendants' employees, to enjoin future violations, and to protect the significant public interest at stake.

## NATURE OF THE ACTION

1. Plaintiff Eugene Scalia, Secretary of Labor for the United States Department of Labor ("the Secretary"), is charged with enforcing the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]"  29 U.S.C. § 202(a).  In bringing actions under the FLSA, the Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the broader public interest, including the interests of law-abiding employers whose ability to compete is harmed by employers who pay their employees subminimum wages.

2. In this case, the Secretary seeks to enjoin Defendants from violating the requirements of the FLSA under § 17 of the FLSA, 29 U.S.C. § 217; and to recover all wages owed to Defendants' employees, including those listed by name on the attached Exhibit A to this Complaint, and any other employees that the Secretary later identifies, together with an equal amount as liquidated damages under § 16(c) of the FLSA, 29 U.S.C. § 216(c).

3. The Court has jurisdiction over this action under §§ 16 and 17 of the FLSA, 29 U.S.C. §§ 216 and 217; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1345 (United States as plaintiff).

4. Venue lies in the District of Hawaii pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in Hawaii.

## DEFENDANTS ARE EMPLOYERS SUBJECT TO THE FLSA

5. Defendant WONJIN CORPORATION, d/b/a SURA HAWAII I, is a Hawaii corporation that operates a Korean barbeque restaurant with a place of business at 1726 Kapiolani Blvd., suite 101, Honolulu, Hawaii 96814. At all relevant times, Sura Hawaii I has been an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to employees listed on Exhibit A to this Complaint and any other employee not listed on Exhibit A to this Complaint during the relevant time period who is not known to the Secretary at this time.

6. Defendant AINA RESTAURANT, INC., d/b/a SURA HAWAII II, is a Hawaii corporation that operates a Korean barbeque restaurant with a place of business at 94-5431 Kapolei Pkwy, Kapolei, Hawaii 96707. At all relevant times, Sura Hawaii II has been an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to employees listed on Exhibit A to this Complaint and any other employee not listed on Exhibit A to this Complaint during the relevant time period who is not known to the Secretary at this time.

7. Defendant GIMOG RESTAURANT, INC., d/b/a/ THANK Q POCHA is a Hawaii corporation that operates a Korean barbeque restaurant with a place of business at 1411 Kapiolani Blvd., Honolulu, Hawaii, 96814. At all relevant times, Thank Q Pocha has been an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and any other employee not listed on Exhibit A to this Complaint during the relevant time period who is not known to the Secretary at this time.

8. Defendant SUJIN TOMITA, an individual, resides in Honolulu County, Hawaii. She is the owner, president and sole agent of Sura Hawaii I, Sura Hawaii II, and Thank Q Pocha and at all relevant times acted directly or indirectly in the interests of Sura Hawaii I, Sura Hawaii

II, and Thank Q Pocha in relation to employees, including hiring and supervising employees, maintain employment records, and determining employment practices. As such, Sujin Tomita is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to employees employed at Sura Hawaii I, Sura Hawaii II, and Thank Q Pocha.

9. At all relevant times, Sujin Tomita operated and controlled the Corporate Defendants for the common business purpose of providing restaurant services, serving similar Korean related food products in Hawaii. As a result, Sura Hawaii I, Sura Hawaii II, and Thank Q Pocha is and has been an "enterprise," as defined in FLSA § 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

10. At all relevant times, two or more employees at all of the Corporate Defendants have regularly and routinely handled or otherwise worked on goods or materials that have been moved in or produced for commerce, including restaurant equipment from California. At all relevant times, WONJIN CORPORATION, d/b/a SURA HAWAII I, AINA RESTAURANT, INC., d/b/a SURA HAWAII II, and GIMOG RESTAURANT, INC., d/b/a/ THANK Q POCHA have had a gross annual revenue of over $500,000.  As a result, Defendants are and at all relevant times have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that Defendants at all relevant times had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and had an annual gross volume of sales of not less than $500,000.

## FIRST CLAIM FOR RELIEF
### (Violation of Minimum Wage Provisions of the FLSA

11. The Secretary incorporates by reference and realleges the allegations in ¶¶ 1-10 of the Complaint.

12. Defendants have willfully and repeatedly violated, and continue to violate, Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees the applicable federal minimum wage.

## SECOND CLAIM FOR RELIEF
### (Violation of Overtime Provisions of the FLSA)

13. The Secretary incorporates by reference and realleges the allegations in ¶¶ 1-12 of the Complaint.

14. Defendants have willfully and repeatedly violated, and continue to violate, Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay employees at rates not less than one and one-half times the employees' regular rate of pay in workweeks when the employees worked more than 40 hours.

## THIRD CLAIM FOR RELIEF
### (Violation of Recordkeeping Provisions of the FLSA)

15. The Secretary incorporates by reference and realleges the allegations in ¶¶ 1-14 of the Complaint.

16. Defendants have willfully violated, and continue to violate, Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make available (to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their written demand for such access), and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required under 29 C.F.R. Part 516.

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

(a) For an Order under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those

persons in active concert or participation with them from prospectively violating Sections 6, 7, 11, 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211, 215(a)(2) and 215(a)(5); and

    (b)    For an Order:

    (1)    Under Section 16(c) of the FLSA, 29 U.S.C. § 216(c) finding Defendants liable for unpaid minimum wage and overtime compensation due to all of Defendants' employees employed during the relevant period including the employees listed in the attached Exhibit A and other employees not presently known to the Secretary, and an additional equal amount as liquidated damages; or

    (2)    In the event liquidated damages are not awarded, under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants and their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found to be due Defendants' employees, and pre-judgment interest at an appropriate interest rate;

    (c)    For an Order awarding the Secretary the costs of this action; and

    (d)    For an Order granting such other and further relief as may be necessary or appropriate.

Date: November 20, 2020

Respectfully submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

HAILEY McALLISTER
Trial Attorney

/s/ Andrew J. Schultz
ANDREW J. SCHULTZ
Counsel for Wage and Hour
*Attorneys for the Secretary of Labor*

## **EXHIBIT A**

ERIA, ENSON

ERIA, KE

KASAI, TK

PAULUS, RICKO

SMITH, DICKENSON

PHAYNID, ISAIAS

PIAO, LIHUA

RAKEN, RIDGE

RAPUN, MELANIE

ACHYSKE, FAISLY

BADAYOS, BRITTNEY

KEIKO, KANIA

KELEP, KINDA

KI, ELIZABETH

LEE, RYAN

KUMO, KOMRI

JANE DOE

JANE DOE

JANE DOE

JANE DOE

JANE DOE

JOHN DOE

JOHN DOE

JOHN DOE

JOHN DOE

JOHN DOE