1 | SUSAN G. KUMLI
Acting Regional Solicitor
2 | BORIS ORLOV (CSBN 223532)
Counsel for Wage and Hour
3 | HAILEY McALLISTER (WSBN 49975)
4 | Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
5 | 90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
6 | Telephone: (415) 625-2702
7 | Mcallister.hailey@dol.gov
*Attorneys for Plaintiff,*
8 | *United States Secretary of Labor*

9

## UNITED STATES DISTRICT COURT

10

## DISTRICT OF HAWAII

11

12

MARTIN J. WALSH, Secretary of Labor, U.S.
13 | Department of Labor,

Case No. 1:20-cv-00499-HG-RT

14 | Plaintiff,

**[PROPOSED] CONSENT JUDGMENT AND ORDER**

15 | v.

16 | WONJIN CORPORATION, d/b/a SURA
17 | HAWAII I, a corporation; AINA
RESTAURANT, INC., d/b/a SURA HAWAII
18 | II, a corporation; GIMOG RESTAURANT,
INC., d/b/a/ THANK Q POCHA, a
19 | corporation; SUJIN TOMITA, an individual;

Defendants.
20

21 |     MARTIN J. WALSH, Secretary of Labor, United States Department of Labor and

22 | Defendants WONJIN CORPORATION, d/b/a SURA HAWAII I; AINA RESTAURANT, INC.,

23 | d/b/a SURA HAWAII II; GIMOG RESTAURANT, INC., d/b/a/ THANK Q POCHA; and

24 | SUJIN TOMITA (collectively, "Defendants") have agreed to resolve the matters in controversy

25 | in this civil action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §

26 | 201 *et seq.* ("FLSA" or "Act") and consent to the entry of this consent judgment ("Consent

27 | Judgment" or "Judgment").

28

[PROPOSED] CONSENT JUDGMENT & ORDER          CASE NO. 1:20-cv-00499-HG-RT

1

## I.    STIPULATIONS BY THE PARTIES

A.    The Secretary filed a Complaint alleging that Defendants willfully violated provisions of Sections 6, 7, 11(c), and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2).

B.    Defendants agree to resolve all allegations in the Secretary's Complaint.

C.    Defendants admit this Court has jurisdiction over the Secretary and Defendants ("the parties") and subject matter of this civil action. Venue lies in the district court for the District of Hawaii.

D.    The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

E.    Defendants agree to entry of this Consent Judgment without contest.

F.    Defendants acknowledge that Defendants and any individual, agent, or entity acting on their behalf or at their direction has notice of, and understands, the provisions of this Consent Judgment.

G.    Defendants admit that Defendant SUJIN TOMITA operated and controlled WONJIN CORPORATION, d/b/a SURA HAWAII I; AINA RESTAURANT, INC., d/b/a SURA HAWAII II; GIMOG RESTAURANT, INC., d/b/a/ THANK Q POCHA ("corporate Defendants" or "the Enterprise") for the common business purpose of providing restaurant services, serving similar Korean-related food products in Hawaii. As a result, Sura Hawaii I, Sura Hawaii II, and Thank Q Pocha, collectively, is and has been an "enterprise," as defined in Section 3(r) of the FLSA, 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

H.    Defendants admit that the Enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A); and that, as such, Defendants are subject to the provisions of the FLSA.

I.    Defendants admit that Defendant Sujin Tomita at all relevant times acted directly or indirectly in the interest of the Enterprise in relation to its employees, and that as such, Sujin Tomita is an "employer" under Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

[PROPOSED] CONSENT JUDGMENT & ORDER          CASE NO. 1:20-cv-00499-HG-RT

J.     Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), during the period of May 28, 2017 through June 26, 2021, by failing to pay some employees for hours worked in a workweek in excess of 40 hours at rates not less one and one-half their regular rate. Specifically, Defendants paid certain non-exempt employees a fixed salary regardless of the number of hours the employees worked, whether less than or in excess of 40 hours per workweek.

K.     Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), from May 28, 2017 through December 1, 2018 by failing to make, keep and preserve records as required under the FLSA and 29 C.F.R. Part 516. Specifically, Defendants failed to maintain records reflecting the actual hours worked by employees and hours worked over 40 in the workweek.

L.     Defendants understand and expressly acknowledge that it is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA], or has testified or is about to testify in any such proceeding . . . ." 29 U.S.C. § 215(a)(3). Defendants understand and expressly acknowledge that it is illegal to retaliate in any manner against any employee, including employees named in the Secretary's Complaint, because they have participated, or Defendants believe they have participated, in these proceedings by *inter alia* talking to or providing information to the Secretary's representatives, making a wage-related complaint to a government agency or to the employer, or in any other way pursuing their rights under the FLSA. Defendants understand and expressly acknowledge that such unlawful retaliation may include, but is not limited to firing, disciplining, or reducing pay, because of the employee's protected conduct, or protected conduct in which Defendants believe the employee engaged. Defendants further understand and expressly acknowledge that taking any retaliatory actions against any employee or person in violation of the FLSA and the express terms of this Consent Judgment may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

## II.    **JUDGMENT**

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successors and all persons in active concert or participation with them are permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1.    Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), employ any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees are engaged in commerce or in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

2.    Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless such employee receives compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which they are employed.

3.    Defendants shall not fail to make, keep and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required by Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and the implementing regulations found in 29 C.F.R. Part 516, and make such records available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access.

4.    Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the FLSA.

[PROPOSED] CONSENT JUDGMENT & ORDER          CASE NO. 1:20-cv-00499-HG-RT

4

5.    Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any employee because such employee has or is believed to have filed any wage complaint, including making a complaint to Defendants, or instituted or caused to be instituted any proceeding under the FLSA or has provided information to the Department of Labor in any such proceeding.

6.    Defendants, jointly and severally, shall not continue to withhold payment of $110,000, which represents the unpaid minimum wage and overtime compensation hereby found to be due for the period of May 28, 2017 through June 26, 2021 to the employees named in the attached Exhibit A in the amounts set forth therein. **IT IS FURTHER ORDERED AND ADJUDGED** that Defendants, jointly and severally, shall pay to the Secretary the sum of $110,000, plus the additional sum of $110,000 as liquidated damages, pursuant to FLSA Section 16(c), 29 U.S.C. § 216(c), for the period of May 28, 2017 through June 26, 2021 to the employees named in the attached Exhibit A in the amounts set forth therein, plus the additional sum of $10,000 in civil money penalties finally determined, pursuant to FLSA Section 16, 29 U.S.C. § 216, as a full and final resolution of all claims alleged in the Complaint.

7.    **JUDGMENT IS HEREBY ENTERED** in the total amount of $230,000, against the Defendants, jointly and severally, and in favor of the Plaintiff, Secretary of Labor. The total amount of the judgment against Defendants is $230,000, and includes any amounts described in paragraph 6 above. The amount of the judgment is allocated as set forth in Exhibit A hereto. Defendants agree to pay the amount and understand that said amount will be allocated by the Secretary to individuals as set forth in Exhibit A for the purpose of resolution of the claims, but Exhibit A is not a determination of the hours or days worked by employees.

8.    The provisions of paragraphs 6 and 7 of this Consent Judgment will be deemed satisfied when Defendants comply with the following provisions:

a.    Within 15 days of the entry of this Consent Judgment, Defendants shall deliver to District Director Terrence Trotter, Wage and Hour Division, United States Department of Labor, and Hailey McAllister, Office of Solicitor, United States Department of Labor, a list containing the last known home address, social security number or individual tax payer identification

number, and telephone number for each person named in the attached Exhibit A, if known.

b.    Defendants shall make a payment of $110,000, consisting of liquidated damages, due under this Judgment by December 15, 2021 electronically as follows: online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region". Payments shall reference BW Case Number # 1869843/1870337/1870336.

c.    Defendants shall make a second payment of $120,000, consisting of $110,000 in back wages and $10,000 in civil money penalties due under this Judgement by January 31, 2022 electronically, in the same manner described in paragraph 8.b. above.

9.    The Secretary shall allocate and distribute the back wages and liquidated damages to the persons named in the attached Exhibit A, or to their estates if necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). The Secretary will deduct the employee's share of FICA and federal income taxes from the back wage amounts paid to the persons named in the attached Exhibit A, and said deductions to the appropriate federal agencies. Defendants are responsible for the employer portion of employment taxes on the back wages hereby found due.

10.    **IT IS FURTHER ORDERED** that Defendants shall maintain their record keeping systems to comply with Section 11(c) of the FLSA (29 U.S.C. § 211(c)). Defendants shall keep records that show, for each employee, (a) the hours worked each day, (b) the hours worked each pay period (and identifying the specific dates covered by the pay period), (c) wages paid for each pay period (and identifying the specific dates covered by the pay period), (d) any deductions to pay, and the origin of/basis for those deductions, (e) any cash payments made during each pay period, (f) identifying information establishing the employee's age, home address and job title, and (g) all other records described by 29 C.F.R. 516.2. Defendants shall maintain those records for not less than the number of years from the date of creation as required under 29 CFR 516.5 and 516.6.

a.     Starting with the next paychecks issued after the thirtieth (30th) day after the entry of this judgment and for a period of eighteen (18) months following entry of this judgment, Defendants shall include the statement below with employee paychecks in English and Chuukese:

> Your employer must pay you for all hours you work, including time and a half pay for overtime when you work more than 40 hours in a work week. Your hours worked include all the time that you are not free from work duties. Your employer must correctly record and report each hour you work and all pay you receive. Your employer cannot threaten you or take any action against you for speaking to the Department of Labor. It is also illegal for anyone to force you to sign a document with false information about the hours you work, the pay you receive, or anything else related to your rights under the Fair Labor Standards Act. If you think your employer has not correctly paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE.

b.     Within 30 days of entry of this Judgment, Defendants shall read the statement in paragraph 10.a. above to current employees during two staff meetings, one for the day shift and another for the night shift. If any of Defendants' current employees speak Chuukese, Defendants shall, at their own expense, procure a Chuukese interpreter to attend one of the meetings to interpret the content for Chuukese speakers and arrange for all Chuukese-speaking employees to attend this meeting. Defendants shall send notice of the time and date of both meetings to trotter.terence@dol.gov; kirk.min@dol.gov; and mcallister.hailey@dol.gov three days prior to the scheduled meetings so that a U.S. Department of Labor representative may attend.

c.     Defendants shall maintain all timecards and payroll records for a period of not less than three years.

d.     Defendants shall record all hours worked by employees in the payroll records.

e.     Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

f.     Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee.

g.     Defendants shall not request, require or otherwise cause employees to sign inaccurate time records.

[PROPOSED] CONSENT JUDGMENT & ORDER          CASE NO. 1:20-cv-00499-HG-RT

11.    **IT IS FURTHER ORDERED** that Defendants take the additional actions listed in this paragraph to ensure future compliance with the FLSA:

a.    Within ten days of the entry of this Consent Judgment, Defendants shall post a copy of the attached Exhibit B "Notice of Employee Rights" at each of Defendants' locations in an area that is frequented by employees in both English and Chuukese. The Notice of Employee Rights shall remain posted on the premises for a minimum of three years.

12.    The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on Exhibit A for any period not specified therein.

13.    Each party shall bear all fees and other expenses (including court costs) and attorneys' fees that might be available under the Equal Access to Justice Act incurred by such party in connection with any stage of this proceeding to date.

14.    Nothing in this Consent Judgment and Order is binding on any government agency other than the United States Department of Labor, Wage and Hour Division.

15.    This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Consent Decree.

Dated this____ day of _____, 20____.


_____
HELEN GILLMOR
UNITED STATES DISTRICT JUDGE



Dated:                                                          Dated: 9/29/2021

                                                                   SEEMA NANDA
_____                Solicitor of Labor

[PROPOSED] CONSENT JUDGMENT & ORDER              CASE NO. 1:20-cv-00499-HG-RT

8

1    EILEEN ZORC
      Marr Jones & Wang, LLP
2

3    Attorneys for Defendants

4
      Dated:  10 / 1 / 2021
5

6

7    SUJIN TOMITA, individually

8

9    Dated:  10 / 1 / 2021

10

11
      SUJIN TOMITA, on behalf of Defendants
12    Wonjin Corporation, Inc.
      Aina Restaurant, Inc.
13    Gimog Restaurant, Inc.

14

15

SUSAN G. KUMLI
Acting Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour


By:
/s/ *Hailey R. McAllister*
HAILEY R. McALLISTER
Trial Attorney

Attorneys for Plaintiff, U.S. Secretary of Labor

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] CONSENT JUDGMENT & ORDER                CASE NO. 1:20-cv-00499-HG-RT

# EXHIBIT A

| First Name | Last Name | Back Wage Start Date | Back Wage End Date | Back Wages | Liquidated Damages | Total BW |
|---|---|---|---|---|---|---|
| Claudis | Abis | 6/1/2017 | 3/13/2021 | $104.67 | $104.67 | $209.34 |
| Faisly | Achyske | 6/1/2017 | 3/13/2021 | $1,633.03 | $1,633.03 | $3,266.06 |
| Nina | Aichiro | 7/16/2018 | 3/31/2021 | $2,104.89 | $2,104.89 | $4,209.78 |
| Jayne | Aisek | 8/16/2018 | 9/30/2019 | $325.91 | $325.91 | $651.82 |
| Merson | Aisek | 8/16/2018 | 5/31/2020 | $42.19 | $42.19 | $84.38 |
| Tariel | Anton | 9/1/2017 | 4/30/2020 | $191.91 | $191.91 | $383.82 |
| Meichy | Andon | 9/1/2017 | 9/15/2020 | $2,373.64 | $2,373.64 | $4,747.28 |
| Kum Tan | Arakawa | 2/16/2018 | 4/30/2019 | $135.22 | $135.22 | $270.44 |
| Brandy-Lee | Badayos | 10/7/2017 | 12/1/2018 | $2,626.89 | $2,626.89 | $5,253.78 |
| Brittney | Badayos | 10/7/2017 | 3/31/2021 | $5,484.17 | $5,484.17 | $10,968.33 |
| Junghyun | Baek | 10/7/2017 | 12/1/2018 | $1,209.33 | $1,209.33 | $2,418.66 |
| James | Carig | 10/7/2017 | 3/13/2021 | $188.44 | $188.44 | $376.88 |
| Robert | Chiguna | 11/1/2019 | 2/29/2020 | $431.01 | $431.01 | $862.02 |
| Jaehyuk | Choi | 10/7/2017 | 12/1/2018 | $890.50 | $890.50 | $1,781.01 |
| RI | Cui | 6/1/2017 | 9/30/2017 | $350.72 | $350.72 | $701.44 |
| Jayven | Dalia | 5/1/2019 | 9/15/2019 | $338.04 | $338.04 | $676.09 |
| Alyssa | Dang | 9/16/2017 | 11/15/2017 | $391.98 | $391.98 | $783.97 |
| Manny | Emanuel | 6/1/2018 | 9/30/2018 | $305.31 | $305.31 | $610.61 |
| Kimbo | Eram | 10/16/2017 | 10/15/2019 | $655.86 | $655.86 | $1,311.71 |
| Enson | Eria | 8/16/2017 | 5/15/2018 | $1,274.52 | $1,274.52 | $2,549.04 |
| Iowaneskenson | Eria | 6/3/2017 | 3/31/2018 | $3,050.42 | $3,050.42 | $6,100.84 |
| Ke | Eria | 6/1/2017 | 4/15/2018 | $1,420.18 | $1,420.18 | $2,840.36 |
| Ken | Eria | 9/1/2017 | 9/30/2018 | $709.90 | $709.90 | $1,419.79 |
| Eser | Espin | 5/1/2018 | 6/15/2018 | $383.28 | $383.28 | $766.56 |
| Jerson | Hartman | 6/3/2017 | 1/31/2018 | $865.28 | $865.28 | $1,730.57 |
| Open | Helly | 8/15/2017 | 10/31/2017 | $173.61 | $173.61 | $347.21 |
| William | Hwang | 6/3/2017 | 3/31/2018 | $4,151.29 | $4,151.29 | $8,302.58 |
| Susan | Jeadrick | 5/1/2019 | 9/30/2019 | $4,076.91 | $4,076.91 | $8,153.82 |
| Yon Hui | Jones | 1/16/2018 | 1/15/2019 | $1,118.14 | $1,118.14 | $2,236.28 |
| TK | Kasai | 1/16/2018 | 11/15/2018 | $1,294.12 | $1,294.12 | $2,588.25 |
| Kania | Keiko | 5/28/2017 | 3/31/2021 | $5,196.07 | $5,196.07 | $10,392.13 |
| Kinda | Kelep | 6/3/2017 | 3/31/2018 | $1,607.85 | $1,607.85 | $3,215.71 |
| Elizabeth | Ki | 5/28/2017 | 5/5/2018 | $2,661.95 | $2,661.95 | $5,323.90 |
| Eun | Kim | 2/1/2018 | 12/31/2018 | $651.82 | $651.82 | $1,303.65 |
| Paul | Kim | 8/1/2017 | 11/15/2018 | $209.52 | $209.52 | $419.05 |
| Seonjong | Kim | 6/3/2017 | 5/5/2018 | $768.54 | $768.54 | $1,537.08 |
| KR | Koky | 8/16/2017 | 3/31/2021 | $5,315.29 | $5,315.29 | $10,630.58 |
| Komri | Kumo | 6/3/2017 | 3/31/2021 | $6,322.18 | $6,322.18 | $12,644.36 |
| Eun Bi | Lee | 6/1/2017 | 6/30/2017 | $251.60 | $251.60 | $503.19 |
| Ryan | Lee | 6/3/2017 | 8/15/2019 | $3,627.77 | $3,627.77 | $7,255.55 |
| TJ | Luke | 4/1/2018 | 4/30/2018 | $135.14 | $135.14 | $270.29 |

# EXHIBIT A

| | | | | | | |
|---|---|---|---|---|---|---|
| Pitr | Luther | 11/16/2018 | 7/15/2019 | $135.14 | $135.14 | $270.29 |
| Rodley | Luther | 8/16/2017 | 3/31/2021 | $4,969.43 | $4,969.43 | $9,938.85 |
| Isa | MacDonald | 6/1/2017 | 6/30/2018 | $355.77 | $355.77 | $711.53 |
| Basler | Moses | 6/1/2017 | 3/15/2020 | $100.80 | $100.80 | $201.61 |
| Kachimino | Moses | 4/1/2020 | 12/15/2020 | $56.79 | $56.79 | $113.59 |
| Matthew | Nakano | 11/16/2017 | 3/15/2021 | $3,900.36 | $3,900.36 | $7,800.73 |
| Mitchell | Nakano | 6/1/2017 | 8/31/2019 | $2,063.45 | $2,063.45 | $4,126.90 |
| S.E. | Nascimento | 12/16/2017 | 3/15/2018 | $883.12 | $883.12 | $1,766.23 |
| Kyungseon | Nishimua | 9/16/2017 | 11/15/2017 | $426.92 | $426.92 | $853.84 |
| Chermino | Noket | 8/16/2017 | 3/31/2021 | $1,923.34 | $1,923.34 | $3,846.68 |
| Seehoon | Park | 6/1/2019 | 9/15/2019 | $384.85 | $384.85 | $769.71 |
| Ricko | Paulus | 8/16/2017 | 3/15/2020 | $756.31 | $756.31 | $1,512.62 |
| Isaias | Phaynid | 8/16/2017 | 3/31/2021 | $578.46 | $578.46 | $1,156.92 |
| Daniel | Phimuan | 7/16/2018 | 11/15/2020 | $5,276.31 | $5,276.31 | $10,552.61 |
| Lihua | Piao | 5/28/2017 | 9/30/2019 | $2,652.68 | $2,652.68 | $5,305.36 |
| Meddler | Raken | 9/16/2018 | 3/15/2019 | $101.41 | $101.41 | $202.82 |
| Ridge | Raken | 5/28/2017 | 11/30/2019 | $5,711.52 | $5,711.52 | $11,423.04 |
| Melanie | Rapun | 5/28/2017 | 3/31/2021 | $9,624.52 | $9,624.52 | $19,249.04 |
| Ramson | Raytoun | 8/16/2017 | 10/15/2020 | $911.57 | $911.57 | $1,823.14 |
| Cinchiro | Rekis | 8/16/2017 | 1/31/2018 | $123.76 | $123.76 | $247.53 |
| Ah Reum | Park | 7/1/2017 | 9/30/2017 | $405.65 | $405.65 | $811.31 |
| Eppas | Sasuo | 8/16/2017 | 9/30/2018 | $419.18 | $419.18 | $838.36 |
| Love-One | Sasuo | 8/16/2017 | 9/30/2018 | $1,218.65 | $1,218.65 | $2,437.30 |
| Dickenson | Smith | 9/16/2018 | 1/31/2019 | $84.04 | $84.04 | $168.07 |
| Jin Hwa | Sun | 5/1/2018 | 9/15/2018 | $507.07 | $507.07 | $1,014.13 |
| Dongbin | Sung | 2/1/2019 | 2/28/2019 | $84.51 | $84.51 | $169.02 |
| Rachel | Teves | 4/1/2018 | 10/15/2020 | $50.71 | $50.71 | $101.41 |
| Qian | Wang | 1/1/2018 | 4/15/2018 | $488.87 | $488.87 | $977.73 |
| Komine | Williander | 8/16/2017 | 12/31/2017 | $691.46 | $691.46 | $1,382.91 |
| Yu | Young Sun | 7/1/2019 | 7/15/2019 | $64.23 | $64.23 | $128.46 |
| **TOTAL** | | | | | | **$220,000.0** |

# EXHIBIT B

### NOTICE OF EMPLOYEE RIGHTS
### UNDER THE FAIR LABOR STANDARDS ACT

In November 2020, the U.S. Department of Labor sued SURA HAWAII I, SURA HAWAII II, THANK Q POCHA, and SUJIN TOMITA. The Labor Department sued these employers, alleging violations of the Fair Labor Standards Act (FLSA), the federal law that requires employers to pay minimum wage and overtime to their employees and make and keep records of all hours employees work. These employers did not properly pay all employees for all hours worked. Federal law requires that you receive at least federal minimum wage for every hour worked and you must also receive overtime pay if you work more than forty hours per week. Overtime pay is at least 1.5 times your hourly rate or regular rate of pay.

These employers have agreed to pay back wages and damages to employees who were not correctly paid, took affirmative steps to achieve compliance with the FLSA, and have expressly committed to ongoing compliance with the FLSA now and in the future.

**You have legal rights under the FLSA:**

➢ You must be paid minimum wage and overtime premiums.

➢ You must be paid for all work you do for your employer.

➢ Your employer must correctly document and report each hour you work and all pay you receive.

➢ You have the legal right to tell the truth about your working conditions.

➢ **It is illegal for anyone to harm you because you talked to a DOL representative, participated in a DOL legal case, or spoke up about your FLSA rights.** Your employer cannot fire you, reduce your hours, or take any other action against you because you exercised your rights.

➢ It is also illegal for anyone to force you to sign a document with false information about the hours you work, pay you receive, or anything else related to your FLSA rights.

➢ Hawaii state law cannot limit your rights under the Fair Labor Standards Act.

If you think your employer has not correctly paid you for all hours you worked, or if you believe they have taken action against you because you spoke with the Department of Labor or received a payment under the settlement agreement, please call the U.S. Department of Labor to make a confidential complaint.  **The phone number is 1-866-4US-WAGE.**

- 12 -